UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

        **Plaintiff,**

    v.                                      Case No. 25-C-452

BRITTANY HARMON et al.,

        **Defendants.**

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

Plaintiff Damien Shontell Hewlett, an inmate at Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On September 26, 2025, Defendants filed a motion for partial summary judgment on the ground that Hewlett failed to exhaust the administrative remedies on two of the claims at issue in this case. Dkt. No. 26. For the reasons explained below, the Court will grant in part and deny in part Defendants' motion.

## BACKGROUND

Hewlett, who at the relevant time was confined at Waupun Correctional Institution, is proceeding on Eighth Amendment deliberate indifference and state-law negligence claims against Defendants Brittany Harmon, Kevin Kuehl, Jeremy Staniec, Brady Bangart, Jacob Williams, and John Zbaracki based on allegations that, from November 27 through November 30, 2024, they ignored Hewlett's complaints about his cell conditions and refused to move him to another cell. Hewlett is also proceeding on excessive force, battery, and negligence claims against Staniec for allegedly tightening his handcuffs after being informed that the handcuffs were too tight, and

deliberate indifference and negligence claims against Williams based on allegations Williams disregarded Hewlett's self-harm threats and walked away after Hewlett headbutted his cell door.[1]

On December 10, 2024, Hewlett signed an inmate complaint, in which he identified the "one issue" as "being subjected to such filthy, unbearable living conditions . . . for so long that it made [him] become mentally unstable to the point where [he] tried to commit suicide in there." Hewlett asserts that, as required by policy, he placed the inmate complaint in the inmate complaint mailbox on Friday, December 13, 2024. The institution complaint examiner collected the inmate complaints submitted over the weekend on Monday, December 16, 2024, and stamped Hewlett's inmate complaint as received on that day. That same day, the institution complaint examiner rejected Hewlett's inmate complaint because it was submitted beyond the fourteen-day calendar limit set in Wis. Admin. Code §DOC 310.07(2). Dkt. No. 30 at ¶¶3, 6-7; Dkt. No. 22-3 at 9.

The institution complaint examiner noted that Hewlett did not make a plea for good cause to file his inmate complaint beyond the fourteen-day limit. Specifically, the institution complaint examiner stated:

> PIOC Hewlett signed his inmate complaint form on 12/10/2024. However, the complaint was not received by this ICE Examiner until 12/16/2024. It should be noted; ICE complaints were retrieved daily from 12/9/2024 through 12/13/2024. Thus making it possible PIOC Hewlett placed his complaint in the ICE mailbox on 12/13/2024 after complaints were retrieved for that date. However, that still does not provide an explanation for late filing. PIOC Hewlett makes no plea for good cause or presents evidence to show he was denied the use or prohibited in any way from using ICRS since the date of the incident.

Dkt. No. 30 at ¶7; Dkt. No. 22-3 at 2.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[1] Defendants acknowledge that Hewlett exhausted his deliberate indifference claim against Williams before bringing this action.

Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendant." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Wisconsin has established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Admin. Code § DOC 310.06(1). In Wisconsin, an inmate is required to file an inmate complaint "within 14 days after the occurrence giving rise to the complaint." *Id.* §DOC 310.07(2). Each inmate complaint must contain only one clearly identified issue. *Id.* at §DOC 310.07(5). Federal courts "take[ ] a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The undisputed facts show that Hewlett submitted his inmate complaint within the fourteen-day time limit as required by §DOC 310.07(2), so the complaint examiner had no basis for rejecting it as untimely. Hewlett explains that the incident at issue lasted through November 30, 2024. Accordingly, Hewlett had until Saturday, December 14, 2024, to submit his inmate complaint. He asserts that he did so on Friday, December 13, 2024, and Defendants provide no evidence to rebut this assertion. The institution complaint examiner collected the inmate complaint on Monday, December 16, 2024. But when the inmate complaint was collected from the mailbox is irrelevant to when Hewlett placed it in the mailbox. Confusingly, the institution complaint examiner acknowledged that Hewlett may have timely submitted the inmate complaint after the final collection on Friday, but she also noted that, even so, he was required to include a plea for good cause to submit the inmate complaint late. Of course, Hewlett was required to include a plea for good cause to file late *only if he filed his inmate complaint late*. But the inmate complaint was timely filed, so no plea for good cause to file late was necessary. In short, the inmate complaint examiner improperly rejected the inmate complaint, making the administrative remedies unavailable to him. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Having decided that Hewlett's inmate complaint was improperly rejected, the Court must now identify the claims the inmate complaint provided notice of. The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the

nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted). Of course, this principle does not give a prisoner license to ignore the administrative rules. As previously noted, federal courts "take[ ] a strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. And Wis. Admin. Code §DOC 310.07(5) states that each inmate complaint must contain only *one* clearly identified issue.

Hewlett identified the one issue as "being subjected to such filthy, unbearable living conditions . . . for so long that it made [him] become mentally unstable to the point where [he] tried to commit suicide in there." Dkt. No. 22-3. In the course of describing "the details surrounding this complaint," *id*., Hewlett explains that, after being temporarily moved from the cell, Staniec allegedly tightened his already too-tight handcuffs. But the conditions of Hewlett's confinement and the alleged use of excessive force against him are two distinct issues. The fact that these incidents happened around the same time does not mean that Hewlett can raise both issues in the same inmate complaint. The administrative rules are clear: only one issue per inmate complaint, and Hewlett chose to complain about the conditions of his confinement. Accordingly, the Court will deny Defendants' motion as to Hewlett's claims against Harmon, Kuehl, Staniec, Bangart, Williams, and Zbaracki based on the conditions of his confinement. But the Court will grant their motion as to his excessive force claim against Staniec.

## OTHER MOTIONS

On December 1, 2025, Hewlett filed a motion to compel. Defendants did not timely respond to this motion. On January 12, 2026, at Defendants' request, the Court stayed all case deadlines pending resolution of Defendants' motion. Now that their motion has been resolved, the Court will order Defendants to respond to Hewlett's motion to compel by March 6, 2026. The Court strongly encourages the parties to work with one another in good faith regarding discovery,

5

including responding to each other's correspondence and timely served discovery requests. The Court expects that the issues raised by Hewlett can be resolved without the Court's involvement.

The Court will reopen discovery and set a deadline of April 13, 2026. To keep this case moving, the Court will require the parties to respond to timely served discovery requests within thirty days, consistent with the requirements in the Federal Rules of Civil Procedure. If a party wishes to move for summary judgment on the merits, it must do so by May 13, 2026.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted as to Hewlett's excessive force claim against Staniec; that claim and the related state law claims are **DISMISSED without prejudice**. Defendants' motion is denied as to Hewlett's conditions-of-confinement claim against Harmon, Kuehl, Staniec, Bangart, Williams, and Zbaracki.

**IT IS FURTHER ORDERED** that Defendants must respond to Hewlett's motion to compel (Dkt. No. 39) by **March 6, 2026**.

**IT IS FURTHER ORDERED** that the parties must complete discovery by **April 13, 2026**. To keep this case moving, the parties must respond to timely served discovery requests within **thirty days** as required by the Federal Rules of Civil procedure.

**IT IS FURTHER ORDERED** that a party may move for summary judgment on the merits by **May 13, 2026**.

Dated at Green Bay, Wisconsin this 11th day of February, 2026.

                                                    William C. Griesbach
                                                    United States District Judge